# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Nelda Garcia,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-00559-DAE** |
| | § | |
| **NRA Group, LLC d/b/a** | § | |
| **National Recovery Agency,** | § | |
| *Defendant* | § | |

## ORDER

Now before the Court is Martin Golden Lyons Watts Morgan PLLC's Motion to Withdraw as Counsel for Defendant NRA Group, LLC, filed November 20, 2025 (Dkt. 13).[1]

Counsel seeks to withdraw due to "the complete breakdown of the attorney-client relationship in this matter." *Id.* at 1. Plaintiff Nelda Garcia did not respond to the motion.

### I.    Analysis

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (citation omitted). In the Western District of Texas, an attorney seeking to withdraw from a case also must

> file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

---

[1] By Text Order entered January 5, 2025, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

1

Local Rule AT-3. The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

Counsel alleges that "Defendant refuses to communicate with counsel regarding this suit, refuses to comply with the terms of the attorney-client relationship, and counsel and Defendant appear to have a fundamental disagreement on how to proceed with the merits of this case." Dkt. 13 at 1. Counsel states that it notified Defendant of its intention to withdraw on November 17, 2025, but "was unable to obtain Defendant's signature for this motion as Defendant has not responded to Counsel's communication attempts in approximately three weeks." *Id.* at 2.

This Magistrate Judge finds that counsel has shown good cause to withdraw as counsel of record for Defendant. *See Gowdy*, 925 F.3d at 204 (finding good cause to permit attorney to withdraw where there was "irreconcilable differences" over issues related to the management of the litigation). But corporations and partnerships cannot appear in federal court unless represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). As a result, Defendant (a limited liability company) cannot continue to litigate this case without counsel. *See Chaves v. Cogent Med. Lab., LLC*, No. SA-19-CV-00861-ESC, 2020 U.S. Dist. LEXIS 21184, at *1 (W.D. Tex. Feb. 7, 2020) ("Defendant, as a limited liability company, cannot represent itself without licensed counsel in federal court.").

Accordingly, Defendant has 30 days to find new counsel to represent it. If no attorney appears on Defendant's behalf by February 5, 2026, the Court will recommend that default judgment be entered against Defendant. *See Shinsho Am. Corp. v. HyQuality Alloys, LLC*, 694 F. Supp. 3d 805 (S.D. Tex. 2023) (entering default judgment against LLC after it failed to hire new counsel after being admonished to do so), *aff'd*, 2024 WL 3738476 (5th Cir. Aug. 9, 2024).

## II.   Conclusion

For these reasons, this Magistrate Judge:

(1) **GRANTS** Martin Golden Lyons Watts Morgan PLLC's Motion to Withdraw as Counsel (Dkt. 13) and **ORDERS** that Martin Golden Lyons Watts Morgan PLLC is hereby **WITHDRAWN** as Defendant's counsel of record, and

(2) **ORDERS** Defendant NRA Group, LLC to obtain new counsel **by February 5, 2026**.

If Defendant fails to obtain new counsel by the deadline, this Magistrate Judge will recommend that a default judgment be entered against it.

**SIGNED** on January 6, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE